# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY HICKMAN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 11-791 |
| v. | ) | Judge Schwab |
| | ) | Magistrate Judge Bissoon |
| KENNETH CAPMERON | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Petitioner's petition for writ of habeas corpus (Doc. 1) be dismissed as an impermissible second or successive petition. Additionally, to the extent that Petitioner attempts to characterize this petition as a motion made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, his motion should be denied. It further is recommended that a certificate of appealability be denied.

### II. REPORT

Larry Hickman ("Petitioner") is a state prisoner who currently is incarcerated at the State Correctional Institution at Cresson, Pennsylvania ("SCI-Cresson"). Before this Court is Petitioner's petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, in which Petitioner attacks his 1998 criminal convictions in the Court of Common Pleas of Allegheny County, Pennsylvania, under Rule 60(b) of the Federal Rules of Civil Procedure. Pet. for Writ of Habeas Corpus (Doc. 1 at 1). A search of this Court's filing system reveals that this is

Petitioner's seventh such petition filed with this Court. See, e.g., Hickman v. Coleman, No. 10-148, 2010 WL 2634104 (W.D. Pa. Apr. 22, 2010) (recounting a partial history of Petitioner's filings attacking his state convictions in federal court).

28 U.S.C. § 2254 allows a person in custody due to the judgment of a state court to seek a writ of habeas corpus based "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). However, with the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, Congress chose to enact gatekeeping provisions in order to limit the number of prisoners filing multiple petitions for the writ. The AEDPA provides, in relevant part:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

The instant petition clearly is second or successive under the meaning of the statute. For this reason, it should be dismissed, and a certificate of appealability should be denied because jurists of reason would not find it debatable whether this Court has jurisdiction to proceed with this case. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).

To the extent that Petitioner attacks his state convictions pursuant to Rule 60(b) of the Federal Rules of Civil procedure, his motion should be denied, as this Rule may be used only to attack a judgment of a federal court, and not that of a state court. See Gonzalez v. Sec'y of Dep't of Corr., 366 F.3d 1253, 1284 (11th Cir. 2004); see also Hickman v. Cameron, No. 11-410 (W.D.

Pa. Apr. 27, 2011) (Doc. 5) (Schwab, J.) (holding the same in the context of a prior attempt by Petitioner to attack his state court convictions by means of Rule 60(b)).

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that the instant petition be dismissed for lack of jurisdiction, as it clearly is second or successive. Additionally, to the extent that Petitioner attempts to characterize this petition as a motion made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, his motion should be denied. It further is recommended that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by October 31, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                             s/Cathy Bissoon
                                             Cathy Bissoon
                                             United States Magistrate Judge

Dated: October 16, 2011

**LARRY HICKMAN**
AJ2188
PO Box A
Cresson, PA 16699